UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                    No. 00-4458

JEFFREY ROWE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-99-446)

Submitted: June 7, 2001

Decided: July 5, 2001

Before WILKINS and WILLIAMS, Circuit Judges, and
Andre M. DAVIS, United States District Judge for the
District of Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Bill Lann
Lee, Assistant Attorney General, Jessica Dunsay Silver, Kevin Rus-
sell, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jeffrey Rowe appeals his convictions on two counts of arson of motor vehicles. *See* 18 U.S.C.A. § 844(i) (West 2000). He contends that the district court lacked jurisdiction over these charges because there was no sufficient nexus between the destroyed vehicles and interstate commerce. He further asserts that there was insufficient evidence that he perpetrated these offenses. Finding no merit in these arguments, we affirm.

### I.

Rowe was a frequent guest at the home of Brian Ross, who lived in the same townhouse complex as Alonzo and Shirley Webb. Because of parking regulations at this complex, Rowe's vehicle was often towed when he parked near Ross' townhouse. Rowe blamed the Webbs for calling the towing company and occasionally expressed a desire to "get retribution." J.A. 64. Ross testified that Rowe acted on these statements twice, once by slashing Alonzo Webb's tires and once by throwing a makeshift explosive device under Alonzo's automobile.

Other evidence suggested that Rowe was hostile to the Webbs because of their race. Rowe is white; the Webbs are black. Several witnesses testified that Rowe regularly made racist remarks, including in his references to the Webbs.

On the evening of October 30, 1998, Rowe and several other people congregated at Ross' house. Rowe and another guest, Charles Jewell, stayed overnight; the others departed some time after midnight. At that point, Ross was so intoxicated that he had passed out. Jewell went to sleep after the other guests left, while Rowe stayed up and collected the trash strewn around Ross' house.

Between 3:00 and 4:00 in the morning on October 31, a resident of the townhouse complex observed Ross' automobile being moved out of the space next to Shirley Webb's vehicle. Shortly thereafter, Shirley Webb's vehicle was destroyed by fire. After the fire, Alonzo Webb found an unexploded Molotov cocktail near his automobile, which was parked next to his wife's vehicle. This device consisted of a Budweiser beer bottle filled with flammable liquid, with a paper towel in the mouth. Investigators discovered the remnants of a second Molotov cocktail, this one made from a Coors Light bottle, under Shirley Webb's vehicle. In Ross' house, investigators found a Budweiser bottle, several Coors Light bottles, and a roll of paper towels with the same print as those found in the two Molotov cocktails.

When confronted by Ross and Jewell, Rowe denied setting the fire, but he was "smiling and smirking" as he said this. *Id.* at 124. Later, he made inculpatory statements to Ross. First, he told Ross, "If you don't say anything, I won't get in trouble. Don't say anything." *Id.* at 215 (internal quotation marks omitted). He then expressed dissatisfaction with the results of the arson: "That wasn't good enough. I should have blown up the damn . . . house." *Id.* (internal quotation marks omitted).

Testifying in his own defense, Rowe denied all of the allegations against him. He claimed that Ross was responsible for the attacks on Alonzo Webb's automobile prior to October 31. He also denied making racist remarks. Rowe testified that at some point during the early morning of October 31, he looked out Ross' window and saw that an automobile was on fire. According to Rowe, Ross' vehicle was parked next to the burning automobile, so Rowe obtained Ross' keys and moved Ross' vehicle away from the fire.

The jury found Rowe guilty of arson and attempted arson of vehicles. *See* 18 U.S.C.A. § 844(i). Rowe was acquitted on two other charges—violating federal fair housing laws, *see* 42 U.S.C.A. § 3631 (West 1994 & Supp. 2000), and using an explosive to commit a felony, *see* 18 U.S.C.A. § 844(h) (West 2000).

## II.

Section 844(i) prohibits "maliciously damag[ing] or destroy[ing], or attempt[ing] to damage or destroy, by means of fire or an explo-

sive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." Rowe contends that the Webbs' vehicles were not used in interstate commerce; thus, he asserts, the district court lacked jurisdiction over these offenses. We disagree.

In the district court, Rowe stipulated that the Webbs' vehicles "were used in interstate commerce and in an activity affecting interstate commerce within the meaning of those terms in Title 18, United States Code, Section 844(i)." J.A. 31. He now contends, however, that the nexus with interstate commerce is a jurisdictional requirement that may not be established by stipulation. This is incorrect. The interstate commerce element of § 844(i) implicates the jurisdiction of Congress to regulate the conduct at issue, not the jurisdiction of the district court to hear a particular case. *See United States v. Martin*, 147 F.3d 529, 531-33 (7th Cir. 1998). Moreover, this element may be proven by stipulation. *See United States v. Grassie*, 237 F.3d 1199, 1208 (10th Cir. 2001), *petition for cert. filed*, No. 00-10193 (U.S. May 22, 2001). Accordingly, there is no jurisdictional defect in Rowe's convictions.

### III.

Rowe next asserts that the evidence was insufficient to prove his involvement in the arson of Shirley Webb's vehicle and the attempted arson of Alonzo Webb's vehicle. There is no merit to this claim.

When we review a claim of insufficiency of the evidence, the defendant's conviction "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). Under this standard, the evidence described above amply demonstrates Rowe's guilt. Rowe does not directly dispute this, but instead contends that the testimony most damaging to him, that of Brian Ross, should not be accepted because it was contradicted by Rowe's testimony. It is not our place to resolve such conflicts in the evidence, however. *See United States v. Russell*, 221 F.3d 615, 618 n.1 (4th Cir. 2000).

### IV.

In sum, we hold that Rowe's stipulation suffices to establish a nexus between the Webbs' vehicles and interstate commerce and that

the evidence was sufficient to prove that Rowe committed arson and attempted arson. Accordingly, we affirm the judgment of the district court.

*AFFIRMED*